## THE PEOPLE v. PATRICK KENT.

In an indictment under the statute, (Sess. L. 1840, p. 42, sec. 1,) which provides for the punishment " of larceny, by stealing of the *property of another,*" " *any bank note, bank bill,*" &c. a description of the property stolen as *bank notes* or *bank bills,* merely, following the language of the statute, is sufficient.

An allegation in such indictment, that the bank bills were the *goods and chattels* of W. and K. is a sufficient averment that they were their *property.* The word *chattels* denotes property and ownership.

MOTION in arrest of judgment, after verdict of guilty, on the trial of the defendant on an indictment for larceny in the Circuit Court for the county of Washtenaw, before Hon. WM. A. FLETCHER, Presiding Judge, who reserved the questions arising on the motion for the determination of this Court. The grounds of the motion appear in the opinion of the Court.

*E. Mundy,* Pros. Att'y for the People.

*R. S. Wilson* and *O. Hawkins,* for defendant.

FELCH, J.   This was an indictment for larceny, charging the defendant with stealing "six promissory notes,

issued by the Bank of Michigan, of the denomination of five dollars each, commonly called bank bills, of the value of thirty dollars; six bank bills, each of the denomination of five dollars, issued by the Bank of Michigan, at Detroit, in said state, of the value of thirty dollars; six bank bills, of the denomination of five dollars each, of the value of thirty dollars, of the *goods and chattels* of one Samuel Warner and one George Klinedob."

The defendant's counsel contended, both on the trial and also on a motion in arrest of judgment, after a verdict of guilty, that the indictment was insufficient; because,

1. It does not set forth with sufficient certainty a banking incorporation, or that the bills were issued by an incorporation having power to issue them; that stating them to have been issued by the Bank of Michigan, without stating them to have been issued by the President, Directors and Company of the Bank of Michigan, and averring that they were issued by them in their corporate character, is insufficient.

2. It does not aver that the bills stolen were payable in money, or that they were due and payable.

3. Nor that they were the bills of the Bank of Michigan, but only, that they were *issued* by the Bank of Michigan.

4. The description of the bills is too general, and, therefore, bad.

5. The allegation that they were the *goods and chattels* of Warner and Klinedob, is insufficient.

The questions arising upon these several objections were reserved by the Presiding Judge for the determination of this Court.

The statute under which the indictment was found, (S. L. 1840, p. 42,) provides "that every person who shall commit the offence of larceny, by stealing *of the property* of another, any money, goods or chattels, or any *bank note,*

*bank bill,* bond, promissory note, due bill, bill of exchange," &c. "shall, on conviction thereof, be punished by imprisonment," &c.

By the common law, no indictment could be sustained for stealing mere *choses in action.* This rule had its origin long anterior to the establishment of banks, and the issuing of bank notes or bills. More recently, this species of property has become, both in England and in most of the states of this Union, the subject of penal statutory enactments, which have received frequent judicial construction.

It is laid down, as a general rule, that when the *subject matter* is defined by statute, the descriptive words contained in the act should be also used in the indictment; and, although it is said to have formerly been the practice, upon all indictments for stealing notes, or other written securities, to set out the notes or other securities at full length, yet, it has been long settled, that they may be described in a general manner, and need not be set out *verbatim.* 2 Russ. Cr. 169, '70. It is enough, if the indictment follow some of the descriptions of property given in the statute. The indictment in *Rex* v. *Johnson,* 3 M. & Sel. 539, for embezzling bank notes, under 39 Geo. 3, c. 85, described the notes as "divers, to wit, nine bank notes, for the payment of divers sums of money, amounting in the whole to a certain sum of money, to wit, the sum of £9, of like lawful money," &c. The court held that this was a sufficient description. Lord *Ellenborough,* C. J. said that he considered that, after the statute had made bank notes a subject of larceny, they might be described in the same manner as other things which have an intrinsic value, that is by any description applicable to them as a chattel."—" If bank notes be recognized by that description in the act of parliament, the indictment has done enough in laying them under that description." *Le*

*Blanc,* J. observed that, " where a specific thing is made the subject of larceny, it is only necessary to describe it as such specific thing, it being a species of thing that is the subject of larceny."—" It is not necessary to describe a bank note particularly as a bank note for the payment of £1, £5 or £20, because for whatever sum it may be payable, it is still a bank note."—" No further description is necessary than is required for other chattels which are the subject of larceny, and, under the general name of bank note, the particular species, if the sum for which the note is payable can be said to constitute a species, may be proved." In *The People* v. *Holbrook,* 13 John. R. 90, the defendant was indicted for stealing " four promissory notes, commonly called bank notes, given for the sum of $50 each, by the Merchants' Bank in the city of New York, which were then and there due and unpaid, of the value of $200 ; and four other promissory notes, given by the same bank, for $20 each, which were then due and unpaid, of the value of $80, the *goods and chattels* of Peleg Clark," &c. It was objected that the indictment should have set forth the notes more at large, with proper averments of the authority of the bank to issue such notes. But the court decided upon this point, that the description was sufficient ; that the notes being supposed to be in the hands of the defendant, it was impracticable to state them *in hæc verba ;* and that a general description was all that was required. It was also objected in the case last cited, that the indictment did not aver the notes to be the *property* of any person ; but only that they were the *goods and chattels* of P. C. The statute under which the indictment was found, like our act of 1840, above quoted, made it a penal offence to steal any bank note, &c. *the property* of another. But the court held the indictment sufficient, and that *chattels,* when so applied, denoted property and ownership. In *The Commonwealth* v. *Richards,* 1 Mass. R. 337,

the indictment found under a statute, which provided that any person who should feloniously steal " any note or certificate of any bank, or any public office, securing the payment of money to any person, or certifying the same is due, shall be punished," &c. alledged that the defendant stole " a bank note of the value of $10, of the goods and chattels of A. B." ; and it was held sufficient on motion in arrest of judgment, assigning as reasons that the bank bill was insufficiently described in the indictment; it not appearing to have been issued by any bank authorised to issue bills, or that it contained any promise by any person, &c.    See also *Commonwealth* v. *Cary*, 2 Pick. R. 47.

Our statute having made the stealing of bank bills or notes *eo nomine* larceny, the principles established by the authorities above cited apply in this case.    The description as *bank bills or notes merely*, following the language of the statute, is sufficient.    It is enough to state the larceny to have been committed, by stealing that which the statute has described as the subject of larceny.

Let us, however, examine in detail the several objections urged to this indictment.

1. It was not necessary to set out the act of incorporation of the bank by which the bills purport to have been issued, or that they were issued by an incorporation having power to issue them, as urged by the *first* objection taken to this indictment.    This is decided by *Rex* v. *Johnson*, *People* v. *Holbrook*, and *Commonwealth* v. *Richards*, above cited.    Nor is there any force in the objection, that the bills are stated to have been issued by the Bank of Michigan, instead of the President, Directors and Company of the Bank of Michigan.    The naming of the bank is only descriptive of the bill or note, and the description in the indictment is itself perfect without it.    If it is found to vary from the true corporate name of the institu-

tion by which the stolen bills were in fact issued, it would be no cause for arresting the judgment.  Such variance could only be taken advantage of by objection to the admissibility or sufficiency of the evidence on the trial.

2. Neither was it necessary that the indictment should aver that the bills stolen were payable in money, or that they were due and payable, as urged by the *second* objection.  The statute does not require it.  And in *Rex* v. *Johnson,* where an indictment under a similar statute described the notes as *bank notes for the payment of money*, it was said by the Court that the description was larger than the statute required.  See also *Commonwealth* v. *Richards*, above cited.

3. If it was necessary, as assumed by the *third* objection, that the indictment should aver, that the bills were the bills of the Bank of Michigan, we think the words used were sufficient.  The *issuing* of a bill by the bank, as stated in the indictment, is equivalent to a statement that it was a bill of the bank.

4. The *fourth* objection, viz. that the description of the bills is too general, is fully answered by the principles and authorities above referred to.

5. We have already seen that the very point raised by the *fifth* and last objection, was expressly decided in *The People* v. *Holbrook.*  The allegation that the bills were the "*goods and chattels*" of Warner & Klinedob, is a sufficient averment that they were their *property.*  The word *chattels* denotes property and ownership.

We are of opinion that the indictment was sufficient.