## Munson *v.* The State.

In an indictment for stealing " money and bank notes," under the Code, the item money is sufficiently designated by the words, " gold and silver coin," and the term " bank notes " is sufficiently described by the words, " Clark's Exchange Bank bills of the value of twenty-four dollars." The following is also sufficiently descriptive of the bank bills alleged to have been stolen : " Seven dollars of other bank bills, the names of the banks to the jurors unknown, of the value of seven dollars."

"Bank note " and " bank bill," under the Code, signify the same thing.

An offense is sufficiently charged in an indictment, if it substantially follows the language of the statute.

Irregularity in finding the indictment cannot be urged, for the first time, after verdict.

### Error to Jasper District Court.

*Opinion by* Greene, J.   Indictment for larceny. Demur-.rer to the first and second counts sustained. Plea of not guilty to the third count of the indictment. Verdict and judgment of guilty. Defendant filed a motion in arrest of judgment, which was overruled. In overruling this motion it is claimed that the court erred.

The reason assigned for the motion, is the defective description given of the bank bills, gold and silver coin alleged to have been stolen. The third count charges that the defendant, " did feloniously steal, take, and carry away, twenty-four dollars, of Clark's Exchange Bank bills, of the value of twenty-four dollars, and seven dollars of other bank bills, the names of the banks to the jurors unknown, of the value of seven dollars, and one hundred and nine dollars of gold and silver coin, of the value of one hundred and nine dollars, the whole being of the value of one hundred and forty dollars," &c. The indictment was found under the Code, § 2612. " If any person steal, take and carry away

of the property of another, any *money*, goods or chattels," &c., "bank notes," &c., &c., he is guilty of larceny, and shall be punished, when the value of the property stolen exceeds the sum of twenty dollars, by imprisonment in the penitentiary not more than five years," &c.

The description of the money and bank notes alleged to have been stolen, comes fully up to the requirements of the Code. "Money" is sufficiently designated by the words "gold and silver coin." "Bank notes" are sufficiently designated by the words "Clark's Exchange Bank bills, of the value of twenty-four dollars," and also by the words "seven dollars of other bank bills, the names of the banks to the jurors unknown."

The term "bank note," in § 2612 of the Code, is identical with the term "bank bill." The terms are convertible, and mean the same thing. This court has repeatedly decided that an offense is sufficiently charged in an indictment, if it is substantially in the language of the statute. *State* v. *Seamons*, 1 G. Greene, 418; *Buckley* v. *State*, 2 ib., 162; *Nash* v. *State*, ib., 286; *State* v. *Chambers*, ib., 302.[a]

In *People* v. *Kent*, 1 Doug., 42, it was held that a description of the property stolen, as "bank notes," or "bank bills," merely following the language of the statute is sufficient. See also *State* v. *Cassell*, 2 Har. and Gill., 407; *Pomeroy* v. *Commonwealth*, 2 Virg. Cas., 342.

In this case the indictment not only described the property stolen as being "bank bills," but it also declared the value of said bills; thus, in effect, charging the bills to be genuine, and upon solvent banks.

Another reason assigned in the motion for the arrest of judgment is, that the indictment was irregularly and improperly found. No such irregularity appears of record. Besides, this objection came too late. If there was any foundation for the objection, it should have been urged before the trial.

(a)  *Romp* v. *State*, 3 G. Greene, 276; *Winfield* v. *State*, ib., 339.

It was held in *Wau-kon-chaw-neek-kaw* v. *United States*, Morris, 332, that irregularity in finding an indictment, cannot be objected to, after verdict, when the party goes to trial without objection.

Judgment affirmed.

*E. W. Eastman*, for plaintiff in error.

*D. C. Cloud, Atorney General*, for the state.