LAMONTE and another vs. WARD and another, impleaded, etc.

MILWAUKEE COUNTY COURT. (1) *Proceeding for contempt may be removed to circuit court.* (2) *When this court will presume such removal to have been for proper cause.*
RECOGNIZANCE: SURETY. (3–5) *How obligation of surety discharged.*

1. An action by L. against P. was commenced in the county court of Mil-waukee county, and various proceedings had therein, until after the commission by P. of an alleged contempt of said court; and, pend-ing an application to punish such contempt, the venue was changed, in the manner prescribed by statute, to the circuit court for said county. Afterwards P. was arrested for the contempt by order of the circuit court, and the bond here in suit was given for his appearance in said court, etc. The statute (Tay. Stats., 1323, § 84) provides for the removal from the county to the circuit court, of any " cause *or matter* " which may come before the county court or judge in which

Lamonte and another vs. Ward and another, impleaded, etc.

the judge shall be interested, or in which he shall have acted as counsel for any party. *Held*, that if the proceeding for contempt was not a " cause," it was at least a " matter," within the meaning of the statute, and capable of being removed to the circuit court.

2. In the absence of any averment in the complaint in this action, as to the cause of the removal, this court, on appeal from an order of the circuit court overruling a demurrer to its jurisdiction, must *presume* that such removal was for one of the causes specified in the statute.

3. In general, the principal in a recognizance or bond like that here in suit, is in the custody of his sureties; and if the right to surrender him be taken from the sureties, or interfered with, by a party claiming under the obligation, or by operation of law, or by order of the court, the liability of the surety is at an end.

4. The condition of the bond in suit was, that P. would appear on the return of the attachment against him (for contempt), and abide the order of the court thereon, without any fraud or delay. On the return day of the attachment, the court made an order setting it aside. Nearly a month afterwards the court vacated such former order, and granted leave to plaintiff to further prosecute the contempt proceedings, and required P. to appear on a day specified, to answer interrogatories, and to abide the order of the court, etc. *Held*, that the order vacating the attachment *released the sureties*, and the subsequent order could not restore their liability without their consent.

5. Such subsequent order was substantially a proceeding *de novo*, under which P. should have been brought into court, and, if necessary, required to give new bail.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought by leave of court on a bond in the penal sum of $1,600, executed to the sheriff of Milwaukee county, by the defendant Pierce as principal, and by the other defendants (the appellants) as sureties. The bond contained the recital that Pierce had been arrested upon a special order of the circuit court for Milwaukee county as for a contempt; and the condition thereof was, that if he should appear on the return of such attachment, and abide the order and judgment of the court thereupon, without any fraud or other delay, the obligation should be void, etc. It was executed June 23, 1874. The plaintiffs had theretofore brought an action against Pierce, and recovered judgment therein ; and the contempt for which Pierce

had been arrested was alleged to have been committed by him in the course of proceedings in such action, supplementary to execution. The attachment upon which the arrest was made, was returnable June 26, 1874, and on that day the circuit court made an order vacating and setting aside the attachment. On the 22d of July following, the court made another order vacating and setting aside the order of June 26th, and granting leave to the plaintiffs further to prosecute the contempt proceedings. Pierce was also required to appear before the court on the 27th of July, to answer interrogatories to be exhibited to him, to abide the order of the court, etc. This he failed to do, and such failure is alleged to be a breach of the condition of the bond. The foregoing facts are all stated in the complaint.

The appellants (the sureties) interposed a demurrer to the complaint, specifying several grounds of demurrer, among which are the following: 1. The complaint shows on its face that the circuit court has no jurisdiction of the subject of the action; and 2. It does not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and the sureties appealed from that order.

*Cottrill & Cary*, for appellants:

1. The order, for disobedience of which this proceeding was had as for contempt, was issued by and returnable before a court commissioner. The power to punish in such cases is conferred by sec. 99, ch. 134, R. S., as amended by ch. 44, Laws of 1860, on the commissioner himself; the case does not come within the provisions of ch. 149, R. S., under which the proceedings seem to have been conducted; and a court commissioner is an officer of the circuit and not of the county court. The county court had, therefore, no jurisdiction of the proceeding. *In re Perry*, 30 Wis., 268; *Rose v. Tyrrell*, 25 id., 563; *In re Remington*, 7 Wis., 643. 2. If the county court had power to punish for such contempt, there could be no removal to another court. Contempts are offenses against the dignity of the court, of which, and of the magnitude or extent of which, that court

alone is the proper judge; and such matters are obviously not within the intent of ch. 362, Laws of 1860, or sec. 59, ch. 17, R. S., as amended by ch. 33, Laws of 1862. *Ex parte Bradley*, 7 Wall., 364; *In re Falvey*, 7 Wis., 630; *Ex parte Kearney*, 7 Wheat., 44; *Chappell v. Giles*, 10 Wis., 101. 3. If the proceedings were not or could not be properly removed into the circuit court, that court never obtained jurisdiction. *Dykeman v. Budd*, 3 Wis., 640; *State v. Gratiot*, 17 id., 245; *State v. Smith*, 14 id., 564; *McNab v. Noonan*, 28 id., 434. 4. The condition of appellants' bond was, that their principal should appear on the return day of the attachment, and abide the order of the court. As a hearing was had on that day, it will be presumed that he did appear, and the order of court vacating the attachment released the sureties. As they signed no new bond, had no notice of the application to set aside such order, and never consented to a renewal of their liability, they cannot be held upon the old recognizance. 5. The misconduct being the omission to perform an act which it is in the power of the party to perform, the order should have been for imprisonment until performance, and not forfeiture of the bond. *Poertner v. Russel*, 33 Wis., 204; sec. 23, ch. 149, R. S.

*Cotzhausen, Sylvester & Scheiber*, for respondents:

1. The bond in suit was not one for the appearance merely of the principal on a day certain, but also to abide any order or judgment which the court in any subsequent stage of the proceedings might lawfully make. This is the adopted construction in New York, under a statute similar to our own; and it would seem upon general principles, from the very nature of these proceedings, that such a bond ought not to be deemed satisfied until final judgment. 1 Crary's Spec. Proc., 192, 194, 199; *People v. Munro*, 15 How. Pr., 494; 1 Hill, 154. 2. As to the question of jurisdiction, counsel argued that the complaint was in strict conformity to the provisions of sec. 23, ch. 125, R. S.; that the facts conferring jurisdiction were not specially pleaded, but the orders upon which it depended were

alleged to have been duly made, and the want of jurisdiction, if such there were, was not apparent upon the face of the complaint, and therefore not a subject of demurrer. They further argued that this was not a proceeding to punish a criminal contempt, but a proceeding as for a contempt to enforce a civil remedy; that, as such, it was virtually a proceeding in the original suit, and application was required to be made to the court in which the cause or matter defeated by the alleged misconduct was pending. Ch. 149, R. S.; 4 Wait's Pr., pp. 175, 177; 1 Crary's Spec. Proc., 181, 186, 187, 191; *Wickes v. Dresser*, 4 Abb. Pr., 93; 15 id., 307, opinion of HOGEBOOM, J.; *Kerney's Case*, 13 id., 459. 3. The appellants, when they entered into the recognizance, became thereby *quasi* parties to the proceeding, and consented that their fate should follow that of their principal. Whatever order, then, the court could lawfully make as to him, is binding upon them. *Pratt v. Donovan*, 10 Wis., 378; *Booth v. Ableman*, 20 id., 602. Any irregularities in the process upon which the arrest was made, could be taken advantage of only by the principal; and he, by giving bail, has waived them, if any there were. *Kelly v. McCormick*, 28 N. Y., 318; *Stever v. Sornberger*, 24 Wend., 275; *Gregory v. Levy*, 7 How. Pr., 37; 1 Crary's Spec. Proc., ch. vii, p. 213.

LYON, J.    I. It is stated in the complaint that the case of *Lamonte v. Pierce* was commenced in the Milwaukee county court; that all of the proceedings in the cause until after the alleged contempt was committed by Pierce, were had in that court; and that, pending an application to punish Pierce for such contempt, the venue was duly changed to the circuit court. It is now claimed, on behalf of the appellants, that such change of venue was without authority of law, and, consequently, that the circuit court never obtained jurisdiction of the proceeding. The statute provides for the removal from the county to the circuit court of any cause *or matter* which

shall come before the county court or judge, in which the judge shall be interested, or in which he shall have acted as counsel for any party. R. S., ch. 117, sec. 59, as amended by ch. 33, Laws of 1862 (Tay. Stats., 1323, § 84). If this proceeding· is not a *cause* within the meaning of the statute, it is, certainly, *a matter*, and we have no doubt it is within the intention as well as the letter of the statute. The complaint does not state the reasons for the removal of the proceeding to the circuit court, and, in the absence of averment, we must presume, in favor of the regularity of such removal, that it was for one of the causes specified in the statute. It follows that the first ground of demurrer is not well assigned.

II. Does the complaint state facts sufficient to constitute a cause of action? The theory of the law is, that the principal in a recognizance or in a bond like that under consideration, is in the custody of his sureties, who may at any time arrest him and surrender him to the court. If the right of surrender be taken away or interfered with by a party claiming under the obligation, or by operation of law in certain cases, or by order of the court, the liability of the sureties is at an end. Hence it has been held in England, that, inasmuch as a peer or member of the house of commons cannot be surrendered by the bail in their discharge, if the principal become a peer or such member pending the action, the court will order an *exoneretur* to be entered. So also if the defendant be sent out of the kingdom under the alien act, or sentenced to transportation on a conviction for felony, the bail are entitled to their discharge. *Trinder v. Shirley*, 1 Doug., 45; *Merrick v. Vaucher*, 6 · Term, 50; *Wood v. Mitchell*, id., 247; Petersdorff on Bail, 393–4, 405 (8 Law Library, 219–20, 225.) The same doctrine was held by the supreme court of the United States in *Reese v. The United States*, 9 Wall., 13.

In the present case, the sureties had no authority to surrender their principal after the attachment was vacated. After that time there was no order or process of the court in exist-

ence which would justify the arrest of the principal, and his sureties were powerless to interfere with him. This necessarily released the sureties, and it is not perceived how the order of July 22d can operate to restore their liability. It seems quite clear that, having become released, they cannot again be made liable on their bond without their consent.

The power of the court to vacate the order of June 26th, and to permit the prosecution for the alleged contempt to proceed, is not denied. But it was substantially a proceeding *de novo*, under which Pierce should have been brought into court, and, if necessary, required to give new bail.

Inasmuch as the complaint shows upon its face that the appellants are not liable on their bond, the demurrer thereto should have been sustained on the ground that the complaint fails to state facts sufficient to constitute a cause of action.

The order of the circuit court overruling such demurrer must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.