31 P.(2d) 703

**STATE ex rel. SIMPSON v. ARMIJO, District Judge.**

No. 3948.

Supreme Court of New Mexico.

April 2, 1934.

C. R. Brice, of Roswell, and Manuel A. Sanchez, of Santa Fé, for relator.

J. Benson Newell, of Las Cruces, for respondent.

ZINN, Justice.

On October 17, 1933, relator was directed to show cause why she should not be punished for constructive contempt. She had failed to make certain conveyances and releases as directed in a final judgment entered in a cause theretofore adjudicated wherein she was a defendant. On the same day, pursuant to Laws 1933, c. 184, relator filed an affidavit to disqualify the respondent from sitting as a judge in said contempt proceeding. Respondent did not disqualify, and set the same for hearing on October 28, 1933. An alternative writ of prohibition issued out of this court on October 26, 1933, prohibiting the respondent from further proceeding therein. To this writ the respondent demurred.

Two questions for our consideration are presented: Is chapter 184 available to one cited for constructive contempt? Was the affidavit in the instant case seasonably filed?

Laws 1933, c. 184, § 1, provides that, whenever a party to "any action or proceed-

ing, civil or criminal," makes and files an affidavit that the judge before whom the "action or proceeding" is "to be tried or heard" cannot, according to the belief of the party to said "cause," preside over the same with impartiality, such judge shall be disqualified from proceeding therein. Section 2 provides that such affidavit shall be filed not less than "ten (10) days before the beginning of the term of Court," if the case is at "issue."

The apparent purpose of section 1 is to provide a method of procedure to be followed in disqualifying a trial judge before whom "any action or proceeding, civil or criminal" is "to be tried or heard" when it is the belief of a litigant that such judge cannot preside with impartiality. Section 2 is a limitation or restriction as to when such affidavit may be filed if the case is at issue and a term of court is impending.

When we were called to pass upon the constitutionality of this statute in State ex rel. Hannah v. Armijo, 28 P.(2d) 511, 515, we said: " * * * The stimulation of public confidence in the integrity of the judiciary demands that the judge be not only actually fair minded, but above all suspicion to the contrary."

If the enactment of this law is the declaration of a policy that our courts must be freed from suspicion of unfairness and is grounded upon the truism "that every citizen is entitled to a fair and impartial trial, and this right is sacred and constitutional, State ex rel. Hannah v. Armijo, supra," such right is as sacred to a litigant in a special

proceeding or one cited for contempt as it is to a litigant in a tort or contract action.

In the instant case, we need not look beyond the act. Chapter 184 is applicable to a "proceeding," whether civil or criminal. Constructive contempt is a proceeding instituted to preserve and enforce the rights of private parties to suits and to compel obedience to the orders, writs, mandates, and decrees which are made to enforce the rights as well as to administer the remedies to which such parties are entitled, and is clearly a "civil proceeding." 6 R. C. L. 490; Costilla v. Allen, 15 N. M. 528, 110 P. 847; State v. Magee Pub. Co. et al., 29 N. M. 455, 224 P. 1028, 38 A. L. R. 142.

Learned counsel for respondent, in brief and argument, refers to it as "a proceeding."

In Lamonte v. Ward, 36 Wis. 558, the identical question arose under a statute which provided for the removal or change of venue of any cause or matter, and it was said that, if the contempt proceeding was not a "cause," it was at least a "matter" within the meaning of the statute, and was therefore removable.

State v. Superior Court, 77 Wash. 631, 138 P. 291, was a prosecution upon information for a constructive contempt. The statutory language being that a change of venue should be granted in "any action or proceeding," it was held (citing Lamonte v. Ward, supra) that such prosecution was a "proceeding" within the contemplation of the statute.

When the Legislature enacted into the law the word "proceeding," it must be assumed

that it had in contemplation contempt proceedings as well as all proceedings whatsoever, which might be held not to fall within the denomination of actions.

■■ As to the second question urged by respondent that the affidavit was not seasonably filed we cannot agree. Respondent's contention is urged on two grounds.

A regular term of court in Torrance county is fixed by law (Laws 1933, c. 134) as the second Monday in October, which during 1933 was October 9th. The petition to cite relator for contempt was filed October 13, 1933. Relator filed the affidavit of disqualification October 17th. Respondent contends that relator is therefore barred by section 2 of the act (Laws 1933, c. 184).

The statute contemplates a timely filing of the affidavit. State ex rel. Hanna v. Armijo, supra. As to what is a timely filing, must be determined from the circumstances in each case. Section 1 is silent as to when such affidavit must be filed. It merely provides that such affidavit is to be filed in any action or proceeding, civil or criminal, which is "to be tried or heard." It clearly contemplates an action or proceeding to be tried or heard at some future time subsequent to the institution of the action or proceeding. As to cases which are at "issue," the statute is clear. Section 2 is a limitation. When a case is at issue and is to be heard or tried at a term of court, such affidavit must be filed not less than ten days before the beginning of the term. This apparently is provided to prevent postponements and disruption of terms of court, whether regular or special,

by eleventh hour filing of affidavits of disqualification.

It is sufficient here that an order to show cause citing relator for contempt was served October 17, 1933, and on the same day relator filed an affidavit of disqualification. This surely was timely. The proceeding was not at issue.

It is then urged by respondent that the instant proceeding by way of contempt is to enforce a judgment theretofore rendered, and that the cause had already been tried and is therefore not a new action or proceeding.

■■ However, the instant case is a new proceeding. Though a civil contempt may be prosecuted in the cause out of which it arose and not as a separate proceeding with a title of its own and a number and page on the docket sheet, nevertheless a proceeding to punish for constructive contempt is the institution of a new proceeding, though arising out of a pending cause and auxiliary thereto. The court would have no jurisdiction and no power to punish without the initiation of the proper proceeding. We said: "It is the general rule among American courts, and is the declared law of this state, that in order to initiate proceedings in the nature of civil contempt, committed without the presence of the court, that is, constructive contempt, there must be filed an affidavit setting forth the acts constituting such contemptuous conduct. The filing of such affidavit initiates the proceeding and gives to the court jurisdiction to hear and determine the issues." Nunn v. Sikes, 28 N. M. 628, 216 P. 493, 495.

Clearly, without the initiation of such proceeding, and without an order to show cause, which must be issued and served, the defendant would not have his day in court.

It was urged upon this court that a proceeding, supplementary to execution as provided by 1929, Comp. St. § 46—125, was not a new or independent proceeding, but a continuation of the original action. We rejected such contention. We said: "The respondents say that even though the summons in the supplemental proceeding was void, yet the court had jurisdiction over the person of the defendants by reason of the original summons upon which the judgment was rendered. This argument proceeds upon the theory that such proceeding supplemental to execution is not a new or independent proceeding, but a continuation of the original action, and that, for such purpose, the court retains jurisdiction over the person of the defendant, by virtue of its original process bringing him before the court. The remedy, which is designed to afford a simple and expedient method of inquiring into the affairs of the debtor, and which takes the place of the common-law proceeding of a creditors' bill in equity, is auxiliary to and a part of the original action in the sense that it proceeds out of and takes the same number on the docket as the original cause, but it is essentially a new and independent action in the sense that its very gravamen involves the determination of new and different issues of fact and law, and may even involve the rights of third parties." Hammond et al. v. 8th Jud. Dist. Ct. N. M., 30 N. M. 130, 228 P. 758, 760, 39 A. L. R. 1490.

The remedy of constructive contempt is designed to preserve and enforce the rights of private parties to suits and to compel obedience to the orders, writs, mandates, and decrees which are made to enforce as well as to administer the remedies to which such parties are entitled. It is auxiliary to and a part of the original action in the sense that it proceeds out of the original cause, but it is essentially a new and independent proceeding in the sense that it involves the determination of new and different issues of fact and law, which may be foreign to the issues in the original action, and results in an entirely different judgment than in the original cause.

For the reasons given, the writ heretofore issued will be made permanent. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.