676 P.2d 1334

**STATE, ex rel. Kyle W. GESSWEIN, Assistant District Attorney, Petitioner,**

v.

**Honorable Joe H. GALVAN, District Judge, Respondent.**

No. 14783.

Supreme Court of New Mexico.

March 1, 1984.

Kyle W. Gesswein, Asst. Dist. Atty., Las Cruces, pro se.

Paul Bardacke, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for respondent.

John Wentworth, Santa Fe, for Trial Practice Section State Bar of New Mexico.

Ralph Ellinwood, Dist. Atty., Deming, for District Attorney's Ass'n, amici curiae.

## OPINION

STOWERS, Justice.

This matter arose out of a criminal case filed in the Dona Ana County District Court. Without filing an affidavit of bias or prejudice or otherwise alleging any grounds for disqualification, the State sought to disqualify Judge Joe H. Galvan by utilizing the preemptory challenge procedure established by NMSA 1978, Crim.P. Rule 34.1 (Cum.Supp.1983). Judge Galvan denied effect to the State's Notice of Preemptory Disqualification. The State subsequently filed a petition for a writ of prohibition.

An alternative writ of prohibition was issued, which we now make permanent.

The issues raised in this proceeding are:

1. Whether NMSA 1978, Section 38-3-9, creates a substantive right or is procedural law.

2. Whether NMSA 1978, Crim.P.Rule 34.1 (Cum.Supp.1983) and its underlying statute, Section 38-3-9, violate N.M. Const. Art. VI, Section 18 and are thus invalid and unenforceable.

Currently, in New Mexico the method of disqualifying a judge is found in three forms. First, the constitutional right provided in Art. VI, Section 18 of the N.M. Constitution; second, the statutory provision found in Section 38-3-9; third, the procedure recently established in Rule 34.1 of the Rules of Criminal Procedure.

■ The United States and New Mexico Constitutions protect fundamental rights. Fundamental rights are those having their origin in the express terms of the Constitution or which are necessarily to be implied from those terms. *Livingston v.*

*Ewing,* 455 F.Supp. 825 (D.N.M.1978), *aff'd* 601 F.2d 1110 (10th Cir.), *cert. denied,* 444 U.S. 870, 100 S.Ct. 147, 62 L.Ed.2d 95 (1979). Moreover, substantive rights are those derived from substantive law as opposed to procedural law. It is well settled that a substantive law creates, defines, or regulates rights while procedural law outlines the means for enforcing those rights and obtaining redress. *Johnson v. Terry,* 48 N.M. 253, 149 P.2d 795 (1944).

The substantive right at issue in this case is the right to a fair and impartial tribunal as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and N.M. Const. Art. II, Section 14 (Cum.Supp.1983), Art. II, Section 18, and Art. VI, Section 18. *See e.g. Reid v. New Mexico Board of Examiners in Optometry,* 92 N.M. 414, 589 P.2d 198 (1979). Article VI, Section 18 of the New Mexico Constitution is most relevant to this issue and provides:

> No justice, judge or magistrate of any court shall, except by consent of all parties, sit in any cause in which either of the parties are related to him by affinity or consanguinity within the degree of first cousin, or in which he was counsel, or in the trial of which he presided in any inferior court, or in which he has an interest.

Article VI, Section 18 is indeed a further constitutional recognition of one's right to a fair and impartial tribunal and does guarantee that right by presuming the existence of partiality under the circumstances specified. This Court held in *State ex rel. Anaya v. Scarborough,* 75 N.M. 702, 410 P.2d 732 (1966) that the "interest" necessary to disqualify a judge pursuant to this section of the Constitution includes actual bias or prejudice, not some indirect, remote, speculative theoretical or possible interest.

The statutory provision allowing disqualifications was first enacted in 1933. 1933 N.M.Laws, Ch. 184. Although minor modifications have been made, its current form, Section 38-3-9, provides in part:

> Whenever a party to an action or proceeding, civil or criminal, including pro-

ceedings for indirect criminal contempt arising out of oral or written publications, except actions or proceedings for constructive and other indirect contempt or direct contempt shall make and file an affidavit that the judge before whom the action or proceeding is to be tried and heard, whether he be the resident judge or a judge designated by the resident judge, except by consent of the parties or their counsel, cannot, according to the belief of the party making the affidavit, preside over the action or proceeding with impartiality, that judge shall proceed no further. Another judge shall be designated for the trial of the cause, either by agreement of counsel representing the respective parties, or upon the failure of counsel to agree, then the fact of the disqualification and failure to agree upon another judge shall be certified to the chief justice of the supreme court of New Mexico, and the chief justice shall designate the judge of some other district to try the cause.

Respondent contends that this statute is a procedural law and therefore this Court can modify or suspend it by rule. The fact that this Court has previously held that the right to disqualify found in Section 38–3–9 is substantive does not mean that with the change of time this matter should not be reviewed and we therefore do so at this time.

■ The constitutionality of this statute was first raised in the case of *State ex rel. Hannah v. Armijo*, 38 N.M. 73, 28 P.2d 511 (1933). Petitioners contend that beginning with *Hannah*, Section 38–3–9 has withstood various constitutional challenges and therefore represents a separate and distinct substantive right of disqualification. We find now that the reasoning of the *Hannah* court, in upholding the constitutionality of this statute, must be reviewed in light of present day circumstances. Merely because this statute has been in effect for many years does not render it invulnerable to judicial attack. As this Court has previously stated, once a doctrine has reached a point of obsolescence, it can be put to rest by the judiciary. *Cf. Hicks v. State*, 88 N.M. 588, 590, 544 P.2d 1153 (1976) (common law doctrine of sovereign immunity vulnerable to judicial attack due to obsolescence).

Respondent argues that *Hannah* does not stand for the proposition that the statute created a new substantive right. It is true that the right of disqualification already existed in the Constitutions of this State and the United States prior to the passage of Section 38–3–9. This is borne out by the language of *Hannah* which in fact recognized that "the disqualification of judges for certain causes, raising a presumption of partiality, has been ever present in our Constitution." *Hannah* at 83, 28 P.2d at 516. The *Hannah* opinion goes on to explain that "the act in question vitalizes such constitutional provision and does not change the rules of procedure." *Id.* at 83, 28 P.2d at 516. Prior to the enactment of Section 38–3–9, there were no rules of procedure for disqualifying a judge. The *Hannah* court therefore acknowledged the fact that prior to the passage of this statute, "it was open to the parties to adopt any appropriate procedure" for the disqualification of a judge. *Hannah* at 83, 28 P.2d at 516.

Furthermore, this Court in the subsequent case of *State ex rel. Simpson v. Armijo*, 38 N.M. 280, 282, 31 P.2d 703, 704 (1934) stated that:

> If the enactment of this law [38–3–9] is the declaration of a policy that our courts must be freed from suspicion of unfairness and is grounded upon the truism *"that every citizen is entitled to a fair and impartial trial, and this right is sacred and constitutional. State ex rel. Hannah v. Armijo, supra"* such right is as sacred to a litigant in a special proceeding or one cited for contempt as it is to a litigant in a tort or contract action. (Emphasis added.)

Moreover, this Court in *Simpson* recognized the procedural nature of this statute when it stated that:

> The apparent purpose of section 1 is to provide a *method of procedure* to be followed in disqualifying a trial judge before whom "any action or proceeding,

civil or criminal" is "to be tried or heard" when it is the belief of a litigant that such judge cannot preside with impartiality. (Emphasis added.)

*Id.* at 282, 31 P.2d at 703.

The line of cases following *Hannah* have indeed denominated the right to disqualify a judge as a "substantive right." *Beall v. Reidy,* 80 N.M. 444, 457 P.2d 376 (1969). In *Beall,* this Court held disqualification to be either a constitutional or a legislative matter. Later cases have interpreted *Beall* as saying the statutory disqualification provision is a substantive right. *Gerety v. Demers,* 92 N.M. 396, 589 P.2d 180 (1978).

However, New Mexico case law is also replete with references to the procedural nature of Section 38–3–9. As early as 1938, this Court held in *Moruzzi v. Federal Life & Casualty Co.,* 42 N.M. 35, 44, 75 P.2d 320, 325 (1938) that the disqualification statute provides a constitutional *means* of disqualification. In *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, n. 156, 629 P.2d 231, n. 156 (1980), *cert. denied,* 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981), this Court referred to Section 38–3–9 as one particular *method* of disqualification. *Martinez v. Carmona,* 95 N.M. 545, 549, 624 P.2d 54, 58 (Ct.App.1980), also described Section 38–3–9 as the proper *method* for disqualification.

This Court has on several occasions distinguished substantive law from procedural law. Recognizing that this can be difficult to define, this Court in *Southwest Underwriters v. Montoya,* 80 N.M. 107, 109, 452 P.2d 176, 178 (1969) stated:

The distinction between substantive law and those rules of pleading, practice and procedure which are essential to the performance of the constitutional duties imposed upon the courts is not always clearly defined. There may be areas in which procedural matters so closely border upon substantive rights and remedies that legislative enactments with respect thereto would be proper. No specific definition can be stated which would clearly delineate the distinction. Each case must be determined upon its own circumstances.

■ Furthermore, in the case of *Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 310, 551 P.2d 1354, 1357 (1976), *cert. denied,* 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978), this Court determined that:

Pleading, pre-trial, all rules of evidence (including rules of presumption and privilege) and other trial and post-trial mechanisms, designed to accomplish a just determination of rights and duties granted and imposed by the substantive law, are traditionally considered to be "adjective law" or "procedural law."

In applying this language from *Ammerman* to our discussion of Section 38–3–9, we find that this section provides a method of disqualification, a method procedural in nature and a prerogative of this Court. Therefore, we hold that this Court can adopt a rule of procedure when the operation of the court is involved and the existing process has created a problem.

In 1982, this Court promulgated Crim.P. Rule 34.1 (Cum.Supp.1983) which states in part:

(a) **Notice of peremptory disqualification.** Except as provided in Paragraph (b) of this rule, the statutory right to disqualify or excuse the judge before whom the case is pending from presiding over the trial of the case may only be exercised by filing a notice of peremptory disqualification with the clerk of the court within ten days after arraignment or waiver of arraignment. Upon receipt of a notice of peremptory disqualification, the clerk of the court shall give written notice to each party.

(b) **Provisional notice of peremptory disqualification.** If a party has exercised the statutory right to disqualify or excuse a judge, any party who has not exercised his statutory right to disqualify or excuse one judge and who wishes to disqualify or excuse any other judge who could hear that case, must within ten days of the clerk's written notice, file a provisional notice of peremptory disquali-

fication with the clerk of the court. Upon receipt of a provisional notice of peremptory disqualification, the clerk of the court shall give written notice to each party.

Petitioner and *Amici* argue that the current procedure under the statute and rule present no real problems to the effective administration of this State's court system. We disagree. There are significant problems inherent in the current system. The 1981–1982 Annual Report of the Judicial Department reflects the fact that over 2,000 district court disqualifications were filed in the course of one year. 1981–1982 N.M. Judicial Dept. Ann.Rep. at 31. This ever increasing number of disqualifications constitutes an unreasonable burden on the system and should be changed.

■ In the present case the increasing number of disqualifications indicates that the current procedure as found in Rule 34.1 permits abuse. We therefore hold that Rule 34.1 is inappropriate and is hereby retracted. This Court will promulgate proper rules governing disqualifications. However, because this is a pending case, we are prohibited from applying the new rules to the present case. N.M. Const. art. IV, § 34; *Marquez v. Wylie*, 78 N.M. 544, 434 P.2d 69 (1967); *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App.1977); *State v. DeBaca*, 90 N.M. 806, 568 P.2d 1252 (Ct.App.1977).

Therefore, the alternative writ of prohibition that was previously issued is hereby made permanent.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior Justice, and RIORDAN and WALTERS, JJ., concur.