64 P.(2d) 825

**STATE ex rel. TITTMAN v. McGHEE.**

**No. 4285.**

Supreme Court of New Mexico.

Jan. 22, 1937.

Rehearing Denied Feb. 16, 1937.

Edward D. Tittmann, of Hillsboro, for petitioner.

Frank H. Patton, Atty. Gen., and A. M. Fernandez and Richard E. Manson, Asst. Attys. Gen., for respondent.

Fred Nicholas, of Los Lunas, and John Baron Burg, of Albuquerque, for other demurrants.

BRICE, Justice.

Chapter 184 of the New Mexico Session Laws of 1933 is as follows:

"Section 1. Whenever a party to any action or proceeding, civil or criminal, shall make and file an Affidavit that the Judge before whom the action or proceeding is to be tried or heard cannot, according to the belief of the party to said cause making such affidavit, preside over the same with impartiality, such Judge shall proceed no further therein, but another Judge shall be designated for the trial of such cause by agreement of counsel representing the respective parties; or upon the failure of such counsel to agree, then such facts shall be certified to the Chief Justice of the Supreme Court of the State of New Mexico, and said Chief Justice of the Supreme Court of the State of New Mexico, shall thereupon designate the Judge of some other District to try such cause.

"Sec. 2. Such affidavit shall be filed not less than ten (10) days before the beginning of the term of Court, if said case is at issue."

One of the parties to a cause pending in the district court of Sierra County filed an affidavit therein, as provided by the quoted statute, disqualifying the resident district judge. Counsel for the parties having failed to agree upon a judge to try that cause, the facts were certified to the Chief Justice, who designated the Honorable James B. McGhee, judge of the Fifth judicial district, to try it. Thereupon the relator filed a disqualifying affidavit against Judge McGhee, who has announced that he will proceed to try the cause unless prohibited from doing so by this court.

The question presented here is whether this statute authorizes litigants to disqualify more than one judge, or only the resident district judge. It is conceded by the relator that if he is entitled to the writ in this case, then all of the nine judges of the state may be successively disqualified in any cause or proceeding if litigants are willing to file disqualifying affidavits directed at each as appointed by the Chief Justice.

This statute was held constitutional by this court in State ex rel. Hanna et al. v. Armijo, Judge, 38 N.M. 73, 28 P.(2d) 511, and construed in certain particulars in State ex rel. Simpson v. Armijo, 38 N.M. 280, 31 P.(2d) 703; but the identical question here presented has not been before us, although former Chief Justices Watson and Sadler, each (in his ministerial capacity) held that the statute provided only for the disqualification of the presiding judge of the district in which the cause in question is pending.

Section 1 of article 6 of the Constitution vests the judicial power of the state in certain tribunals, among which are the district courts. By section 12 of article 6, provision is made for a division of the state into judicial districts and for the choosing of a judge for each district by its qualified electors.

Section 13 of article 6 provides: "The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law." District judges alone are authorized to preside in the trial of causes in the district court except as provided by section 15 of article 6 of the Constitution, as follows: "If any judge shall be disqualified from hearing any cause in the district, the parties to such cause, or their attorneys of record, may select some member of the bar to hear and determine said cause, and act as judge pro tempore therein."

It is the public policy of this state, as evidenced by its Constitution and laws, that regularly elected or appointed district judges shall preside over its district courts unless, because of the disqualification of the trial judge, the parties to a suit agree that a member of the bar may try a particular case as judge pro tempore.

No other means is provided for the trial of causes in the district courts of this state. If, therefore, we adopt the construction of the statute contended for by the relator, a party to any suit could disqualify all of the district judges of the state by successively filing disqualifying affidavits against each judge as appointed by the Chief Justice to try a particular case. Assuming that the Legislature could enact such law consistently with the Constitution, we would hesitate long in so construing it if a different construction were authorized that would be consistent with reason and common sense. It is true the legislative intent must be determined, and the act construed accordingly; but in arriving at such intent we can take into consideration the public inconvenience, private hardship, and the absurd consequences of the construction contended for by relator.

■ The affidavit is authorized to be filed to disqualify "the judge before whom the action or proceeding is to be tried or heard," who originally in every case is the Presiding Judge of the district, if there is such judge. Provision is then made for the parties to agree upon a judge to try the case; or, upon their failure to agree, the facts shall be certified to the Chief Justice who shall designate a judge "of some other district" to try such case. The indication from this language is that one affidavit could be filed, and that only for the purpose of disqualifying the judge "before whom the action or proceeding" would have been tried or heard, except for the filing of such affidavit. That the affidavit was intended to apply only to the judge of the district in which the case is pending, is indicated from the language authorizing the Chief Justice to "designate the judge of some other district to try such cause." This has been the interpretation given this language by Ex Chief Justices Watson and Sadler.

That such was to be the effect of this statute likewise appears from section 2, which requires the affidavit of disqualification to be filed not less than ten days before the beginning of the term of court, if the case is at issue, which indicates but one affidavit was intended.

This conclusion was reached by the Supreme Court of Minnesota in State v. Gardner, 88 Minn. 130, 92 N.W. 529, 531, in construing a statute, to all intents and purposes identical with that here before the court. An affidavit had been filed, disqualifying the Presiding Judge. Thereupon the case was assigned to another judge, against whom an affidavit of prejudice likewise was filed. This affidavit was ignored by the appointed judge, who proceeded to try the case. We quote the following from this case, which is sufficiently explanatory: "In determining whether it was the legislative purpose by this remedial law to place in the hands of a defendant in a criminal case the power to prevent any trial of his case by disqualifying by an affidavit of prejudice every judge in the state who might be secured to try his case, it is proper to take into consideration sec-

tion 7313, Gen.St.1894, which provides for one change of venue of a criminal case, and no more, where it is made to appear that a fair trial cannot be had in the county where the offense was committed. If it is the legislative policy that there shall be but one change of venue in a criminal case, for the reason that, without such limitation, the right might be abused, and the administration of justice greatly embarrassed thereby, why should not the same limitation be applied to a change of judges? Is it reasonable to suppose that the legislature, in remedying a defect in an existing law, intended to give to a person charged with a crime the power, if he is willing to make affidavits to order, to disqualify to try his case one after another all the district judges of the state? If the law so provides in terms so clear as to admit of no other reasonable construction, it must be given effect accordingly; otherwise not. Now, if the statute in question be read in the light of these suggestions, it is reasonably clear that the statute was not intended to permit a party to disqualify more than one judge in the same action by an affidavit of prejudice, and that, in analogy to a change of venue in a criminal case, the defendant's right to have his case transferred to another judge for trial is limited to one transfer. Any other conclusion would, in cases where there was no integrity in the conduct of the trial, lead to gross abuses, and a miscarriage of justice; for, if it be once conceded that the party has the right to disqualify more than one judge, there is no limit to the right. Nor can the court

control the matter, for the making and presenting of the affidavit disqualifies the judge without any other act."

We quote from State v. De Shon, 334 Mo. 862, 68 S.W.(2d) 805, 807, which is self-explanatory:

"It is the appellant's contention that under section 3648, Revised Statutes of Missouri 1929 (Mo.St.Ann. § 3648, p. 3202), he had a right to disqualify all the judges of that circuit. The pertinent parts of this section are as follows:

" 'When any indictment or criminal prosecution shall be pending in any circuit court or criminal court, the judge of said court shall be deemed incompetent to hear and try said cause in either of the following cases: * * * When the defendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons, not of kin to or counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a fair trial.'

"It is true that this section does not expressly limit the disqualification to only one judge; there is no section of the statute in criminal procedure which limits the applicant to only one change of venue from one trial judge, but we have consistently ruled that the applicant is entitled to only one change of venue.

"In the case of State v. Greenwade, 72 Mo. 298, loc.cit. 304, in speaking of the right of the defendant to take more than

one change of venue from the trial judge, we said:

"'There is nothing in the statute on the subject, but we cannot suppose that the legislature designed to allow a perpetual round of such motions and affidavits by which a trial could be indefinitely postponed, and, therefore, the application before Judge Wright, under section 1877 was the end of such applications.'"

It will be noted that statutes for change of venue were referred to in the Minnesota and Missouri cases, from which we have quoted, as bearing upon the construction of the statutes for disqualifying judges. The statute of New Mexico for change of venue provides: "A second change of venue shall not be allowed in any civil or criminal case, as a matter of right, but shall be within the discretion of the court." Chapter 6, section 10, Laws 1880, now section 147-107, 1929 Compilation.

The same reasons stated in those cases with reference to the policy of those states as shown by their change of venue statutes have application here.

The question before us was not raised in State ex rel. Simpson v. Armijo, District Judge, supra, though he was not the Presiding Judge of the district in which the case out of which the prohibition proceeding grew, was pending.

We hold that only the Presiding Judge of the district in which the cause was pending can be disqualified under the provisions of chapter 184, N.M. Session Laws of 1933, from which it follows that the application for a writ of prohibition should be, and is, denied.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.