**III P.2d 541**

**STATE ex rel. ARMIJO v. LUJAN, Judge.**
**No. 4619.**

Supreme Court of New Mexico.

March 14, 1941.

H. E. Blattman, of Las Vegas, for relator.

Mechem & Hannett, of Albuquerque, for respondent.

MABRY, Justice.

The question here presented is whether chapter 184 of the Laws of 1933, the act authorizing disqualification of district judges, authorizes litigants to disqualify a judge sitting at the request of the presiding judge of the district.

At the general election held in November, 1940, Luis E. Armijo, relator, and M. E. Noble were rival candidates for the office of district attorney for the 4th judicial district. Relator Armijo has filed a contest against his opponent, the holder of the certificate of election. The contest proceeding was filed in the district court of San Miguel county. Judge Irwin S. Moise, judge of the district court of said district, felt himself disqualified to act and entered an order upon the day the cause became at issue, designating Judge Eugene D. Lujan, district judge of the 7th judicial district, to sit and try the said cause. This designation and request by Judge Moise was pursuant to the authority granted by Section 15 of Article 6 of the con-

stitution, which provides: "Any district judge may hold district court in any county at the request of the judge of such district." Thereafter the relator, contestant, filed an affidavit of disqualification under the provisions of the aforementioned act, seeking to disqualify Judge Lujan from sitting in said contest proceedings. An alternative writ of prohibition, upon petition of relator, issued from this court, directed to Judge Lujan, and this matter is now heard upon the petition, alternative writ and respondent's demurrer thereto.

Chapter 184, Laws of 1933, provides:

"Section 1. Whenever a party to any action or proceeding, civil or criminal, shall make and file an Affidavit that the Judge before whom the action or proceeding is to be tried or heard cannot, according to the belief of the party to said cause making such affidavit, preside over the same with impartiality, such Judge shall proceed no further therein, but another Judge shall be designated for the trial of such cause either by agreement of counsel representing the respective parties or upon the failure of such counsel to agree, then such facts shall be certified to the Chief Justice of the Supreme Court of the State of New Mexico, and the said Chief Justice of the Supreme Court of the State of New Mexico, shall thereupon designate the Judge of some other District to try such case."

"Sec. 2. Such affidavit shall be filed not less than ten (10) days before the begin-ning of the term of Court, if said cause is at issue. * * *"

Counsel for both relator and respondent cite and rely upon State ex rel. Tittman v. McGhee, 41 N.M. 103, 64 P.2d 825. Relator seeks to distinguish that case from the one now under consideration, while respondent relies upon the facts of that case, and the rule therein laid down as being a complete answer to relator's contention and conclusive upon us here. Relator would distinguish the facts here from those in the Tittman case, supra, in one respect only, but in a respect that must, he urges, aid his position. In the Tittman case there had already been a disqualification of the presiding or resident judge of the district on the part of defendant who, thereafter, sought by affidavit filed pursuant to Chapter 184 of the laws of 1933, to disqualify the Judge designated. Judge McGhee, upon the disqualification of the resident judge, had been designated by the Chief Justice, pursuant to the statute.

Relator urges that since the party seeking to disqualify the judge designated to try the cause, in the Tittman case, had already exercised this right, as to one judge, the resident judge, the situation there afforded ample ground for this court using the broad language employed to the effect that the disqualifying act above referred to could not be exhausted upon any and all of the District judges but was to be limited in its operation to the resident, or presiding, judge only. Relator says that in the interest of complete fairness under the

circumstances here, his right of such challenge should go to the judge called in and who now proposes to preside over and try the case, regardless of whether he be the resident judge.

We do not agree with relator's appraisal of the statute or of the language used in the Tittman case; nor can we follow the logic he advances in support of a rule that would allow a litigant to disqualify another judge called in by the resident judge.

In the Tittman case, supra, the question there presented was stated in this language: "The question presented here is whether this statute authorizes litigants to disqualify more than one judge, or only the resident district judge. It is conceded by the relator that if he is entitled to the writ in this case, then all of the nine judges of the state may be successively disqualified in any cause or proceeding if litigants are willing to file disqualifying affidavits directed at each as appointed by the Chief Justice." And, the holding there was clear-cut and unambiguous. It was in this language: "We hold that only the Presiding Judge of the district in which the cause was pending can be disqualified under the provisions of chapter 184, N.M. Session Laws of 1933, from which it follows that the application for a writ of prohibition should be, and is, denied."

It is clear from what we say in the above case that no exceptions to the rule applied. We there definitely and expressly limited the application of the statute to the resident, or presiding judge of the district. Moreover, two former Chief Justices of this court, acting in their ministerial, but quasi-judicial capacities, in designating judges in certain cases under the statutes, have held that the statute provided "only for the disqualification of the presiding judge of the district in which the cause in question is pending." State ex rel. Tittman v. McGhee, supra. The interpretation of this statute by a Chief Justice of our court would, of course, not be binding upon us as a precedent. It would be persuasive simply, and that only when supported by reason and logic, as such interpretation is supported, we think. Mr. Justice Brice, the writer of the opinion in the Tittman case, stated further: "The affidavit is authorized to be filed to disqualify 'the judge before whom the action or proceeding is to be tried or heard,' who originally in every case is the Presiding Judge of the district, if there is such judge."

In the case of State ex rel. Simpson v. Armijo, 38 N.M. 280, 31 P.2d 703, 705, the question of his disqualification arose when Judge Armijo (who, incidentally, is relator here, but was then a district judge) was called to sit for the resident judge of the 3rd district, but the question here presented did not arise in that case. No question was there raised as to whether Judge Armijo, called into the case by Judge Frenger, the resident judge, of the 3rd district, could be disqualified. Mr. Justice Brice notices this situation in the opinion in the Tittman case, and his observation closes with a rather broad statement of the rule herein-

before set out and which, in the absence of convincing reason for a contrary holding, we shall hereafter follow, that only "the Presiding Judge of the district in which the cause was pending" can be so disqualified.

■ There is much to be said in support of this limitation upon litigant's right to disqualify a trial judge. We think we need say little here beyond referring to our opinion in the Tittman case, except to try to discover, if possible, whether there be a distinction between the reasons which would support our conclusions in that case, where the resident or presiding judge of the district was disqualified by a party to the cause and another judge was thereafter by the Chief Justice designated to sit for him and the case at bar where the resident judge himself felt disqualified and called in another judge. We are unable to see any controlling distinction. The rather broad and inclusive language of the act which authorizes a district judge to request another judge to sit for him in *any* case once called for some consideration as we can see by certain language used in Holloman v. Leib, 17 N.M. 270, 125 P. 601, 602. We were there discussing this broad power of the district judge under this constitutional provision and the possible conflict of such power with the judicial proprieties in certain cases. This court there said that while such full power is given, in *all* cases, that we would assume, for example, "that a due sense of the proprieties would cause any district judge to refrain from selecting another judge to try a case involving the very title to the former's office, except upon consent of the opposite party." We have no doubt that the proprieties above suggested, and like ones, would not be violated, even though the power to do so, in view of the language of the constitution, exists.

In the case at bar, there is no suggestion that Judge Moise was in any way interested in the cause to be heard when he made the designation of Judge Lujan. Counsel for relator makes it plain, in fact, that no one here questions the motives of the resident judge. Relator claims, simply, that the voluntary disqualification by the resident judge and his designation of another, regardless of the good faith involved, would deny relator what he mistakenly calls his right to disqualify the first judge called in to preside and try his contest, if the broad language of the Tittman case is to be strictly observed.

We are unable to follow relator's reasoning, though ably presented and urged. His theory seems to be, in substance this: The statute gives a litigant a right to disqualify the judge before whom the action proceeding is to be heard; that here, relator has his first opportunity to disqualify *any* judge who is to try his case. He concedes that if Judge Moise had been disqualified by a party to the action that then, under the Tittman decision, relator would have no further challenges; but, not having been given the opportunity to exercise *any* challenge to the impartiality of any district judge, he has been denied the

absolute right given him by Chapter 184, Laws of 1933, supra.

In other words, relator's contention seems to be that he has the right to disqualify here, since by reason of the mechanics of the law's operation, he never yet has been allowed to exercise the right, even once.

Under the Constitution (Art. 6, Sec. 15, supra) any district judge may request another district judge to try causes in the district of such requesting judge. Likewise there is in this same constitutional provision authorization for the Chief Justice of the Supreme Court "whenever the public business may require", to designate any district judge of the state to hold court in any district. This constitutional provision, incidentally, has, by amendment adopted at the 1938 general election, been extended so as to authorize the Chief Justice, under certain circumstances, also to name members of this court to preside as trial judges. So, it cannot be disputed that the resident judge of the 4th district, Judge Moise, clearly acted within his power and under constitutional authority in selecting a judge to try a case in which he felt he should, for reasons of his own, disqualify.

No litigant is entitled to have any particular judge try any particular case for him. He is entitled, upon making a proper showing, by affidavit, to disqualify the resident, or presiding, judge of the district and no other. There is much reason to be found in support of the proposition that the disqualification could go only to the resident, or presiding, judge of the districts; and there is not much logic to support the contention that the right to challenge ought to be extended to any other one judge of the state since, as we show in the Tittman case, it would be neither practical nor desirable to extend it to all.

In addition to this statutory disqualifying provision, we know we have a constitutional prohibition against *any* judge sitting in *any* case in which he has an interest, is related within a certain degree to any party to the suit, and for other reasons. Sec. 18, Art. 6, N.M.Const.

A resident judge, it is suggested, is much more likely, although the occasions may be rare, to fall under the spell of partiality because of acquaintanceship or close association with persons and incidents and thus be disqualified to hear cases arising in his own district, when the same situation would not likely present itself in the case of an outside judge designated to go into another community than his own. Some such consideration might have moved the legislature in this instance.

Complete judicial impartiality is the goal sought to be obtained in all cases, of course, but we do not achieve more perfection in this aim—if, indeed, we can secure perfection through any mechanics of statute or rule—by securing to a litigant the right to have any particular judge sit in the trial of any particular case, or by permitting him (except as to the presiding judge of the district) to say that some par-

ticular judge may not sit in some particular case.

The writ will be denied, and it is so ordered.

BRICE, C. J., and ZINN, J., concur.

SADLER and BICKLEY, JJ., did not participate.