177 P.2d 536

**STATE ex rel. PRINCE et al. v. COORS, Judge.**

No. 4994.

Supreme Court of New Mexico.

Sept. 30, 1946.

Lewis R. Sutin, of Albuquerque, for petitioners.

Dailey & Rogers, of Albuquerque, for respondent.

SADLER, Chief Justice.

The question for decision is whether, one of the two resident judges of the second judicial district having been disqualified by statutory affidavit under 1941 Comp. § 19-508 from presiding in the trial of a pending cause, the other retains jurisdiction to try the same.

The decision of the question stated may determine, incidentally, the ancillary one, whether, notwithstanding our decision in State ex rel. Tittman v. McGhee, 41 N.M. 103, 64 P.2d 825, that the statute mentioned permitted only disqualification of the presiding judge of the district in which a cause is pending, thereby limiting the parties litigant to employment of a single affidavit of disqualification as the law then stood, a second affidavit filed against the other resident judge following the statutory disqualification of his associate resident judge will serve to disqualify him.

The question above mentioned comes before us in a prohibition proceeding invoking our original jurisdiction. The petitioner, who sought and obtained an order authorizing issuance of the alternative writ of prohibition, is one of the defendants below in a forcible entry and detainer action now pending in Division No. 1 of the District Court of Bernalillo County, presided over by the respondent, Henry G. Coors, as senior judge of the second judicial district sitting for Bernalillo County. The plaintiff in said action is Mrs. E. J. Marchant and its number on the civil docket of said court is 35,610. The cause originally was pending before the Honorable Albert R. Kool, one of the resident judges of the second judicial district for Bernalillo County, who presides over Division No. 2 of said court. A statutory affidavit of disqualification was filed against him, whereupon the clerk placed the case on respondent's civil docket for trial under a standing order from respondent as senior judge of the district that upon the disqualification of either of the two resident judges of the district in a pending action or proceeding, civil or criminal, such action or proceeding should automatically be placed upon the appropriate docket of the other for trial.

Following the disqualification of Judge Kool, as aforesaid, and the placing of the cause on respondent's docket for trial, petitioner's attorney objected to him as trial judge, and was informed by respondent that he would honor a statutory affidavit of disqualification and retire from the case, if one were filed against him but that until disqualified, he would proceed to act in the case. Whereupon, having declined to invoke statutory or constitutional disqualification of the respondent below, the petitioner moved before us for an alternative writ of prohibition. This was granted and her attorneys now seek to make said writ

absolute. The foregoing facts are not in dispute.

We think the alternative writ has been improvidently issued. Ever since the addition of another resident judge to the second judicial district by 1941 Comp. § 16-302, L.1941, c. 66, uncertainty and confusion have prevailed as to the operation of statutory disqualifications under L. 1933, c. 184, 1931 Comp. § 19-508, in the light of our decision construing same in State ex rel. Tittman v. McGhee, supra, as permitting only the disqualification of the presiding judge. The effect of this holding at the time of that decision and also at the time of the later one in State ex rel. Armijo v. Lujan, 45 N.M. 103, 111 P.2d 541, following it, was to confine the parties to any action or proceeding to a single disqualification. The two decisions mentioned must now be analyzed and interpreted in the light of an important event transpiring since they were made—the addition of the second resident judge to the second judicial district by the enactment of L.1941, c. 66.

The disqualification statute employed in this case, L.1933, c. 184, 1941 Comp. § 19-508, so far as material, reads as follows:

"Section 1. Whenever a party to any action or proceeding, civil or criminal, * * * shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard can not according to the belief of the party to said cause making such affidavit, preside over the same with impartiality, such judge shall proceed no further therein, but another judge shall be designated for the trial of such cause either by agreement of counsel representing the respective parties or upon the failure of such counsel to agree, then such facts shall be certified to the chief justice of the Supreme Court of the State of New Mexico, and said chief justice of the Supreme Court of the state of New Mexico, shall thereupon designate the judge of some other district to try such cause."

The material portions of the statute adding another judge to the second judicial district in 1941 appear in the compilation of that year as sections 16-302 and 16-303, L.1941, c. 66, §§ 1 and 3, reading:

"Section 1. The number of the district judges in the Second Judicial District of the state of New Mexico is hereby increased to two [2], and for the purpose of identifying the two [2] separate judicial positions the present presiding judge of the Second Judicial District is hereby designated as the Judge of Division 1 of said district, and the additional judge to be appointed pursuant to the terms of this act is hereby designated as Judge of Division 2 of said district, and in all appointments to fill vacancies in said positions hereafter made, and in all nominations

and elections to said offices, the person appointed to or the candidate for either of said positions shall be designated as Judge of Division 1 or Division 2, of said district, as the case may be; and aside from the identification of the offices held by each of said district judges there shall be no division or separation of the work of the district clerk's office, nor in the process, pleadings, papers, records and documents of the court, all of which shall be kept, made and treated as one court with two [2] judges thereof, *each of whom shall have all of the power, jurisdiction and authority of a district judge of the state of New Mexico,* a judge of the juvenile court and a judge of the Middle Rio Grande Conservancy District Court, except in the matter of naming the employees of said district court and in the appointment of persons to positions hereinafter named." (Emphasis ours.)

"Section 3. The present qualified and acting judge of the Second Judicial District, who is hereby designated as Judge of Division 1 of said district, and his successors in office as District Judge of Division 1 of said district, shall be the senior or presiding judge of the district and shall have the power and duty to assign as between himself and the Judge of Division 2 of said district the judicial work thereof, and shall appoint the clerk of the district court and all employees and servants thereof, the county boards of educa-tion, probation officers, officers and employees of the Juvenile Detention Home, members of the board of commissioners of the Middle Rio Grande Conservancy District, and shall fill vacancies in such positions."

It is to be noted from a reading of the foregoing statute that each of the two judges of the second district "shall have all of the power, jurisdiction and authority of a district judge of the state of New Mexico," etc., except in the matter of naming employees of the district court and in the matter of certain appointments. The State Constitution, Art. 6, § 13, provides: "The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law."

There can be not the slightest doubt but that the respondent, Judge Coors, possesses exactly the same "power, jurisdiction and authority" to try this case, or any case within his district, as Judge Kool who was disqualified by affidavit from proceeding in the case. The constitution expressly so declares and such power and jurisdiction would have been necessarily implied, if the statute had been silent on the subject.

Such being the case, how then can the mere disqualification, statutory or constitutional, of one of the two resident judges within the district, operate to take from

the other a jurisdiction and power residing in him under the constitution? The answer is that it can have no such effect. The respondent was possessed of the power and authority to proceed in the trial of the case unless himself disqualified in some manner open to one or the other of the parties under the law. Since no effort was made to prove a constitutional disqualification or to disqualify the respondent under the statute, even in the face of respondent's expressed willingness to honor the statutory affidavit, we might very well stop at this point, except to direct a discharge of the alternative writ as having been improvidently issued. Nevertheless, to do so would leave undetermined a pressing inquiry, present in almost every statutory disqualification in the second district, namely, whether the statute may again be employed by either of the parties to disqualify the other resident judge; or, to state the question differently, notwithstanding the enactment of L.1941, c. 66, giving the second judicial district two judges, are the parties to an action or proceeding still confined to the single affidavit of disqualification necessarily the limit under the holding in State ex rel. Tittman v. McGhee, supra, when there was but a single presiding or resident judge in each district? To attempt to avoid or postpone a decision would avail but little since in this very case the filing of a second affidavit, following the handing down of this opinion, would put the case right back with us for an answer to this incidental question. All parties have sought that answer now while we are determining the main question already resolved. Hence, we have decided to give it.

A careful study of State ex rel. Tittman v. McGhee convinces that the gist of its holding is that only the "presiding" judge of a district may be disqualified by the statutory affidavit. When the court used the term "presiding" it used it as the equivalent and interchangeable with the word "resident." This is made manifest by the following language from the opinion in that case, to-wit:

"The question presented here is whether this statute authorizes litigants to disqualify more than one judge, or only the resident district judge. * * *

"It is the public policy of this state, as evidenced by its Constitution and laws, that regularly elected or appointed district judges shall preside over its district courts unless, because of the disqualification of the trial judge, the parties to a suit agree that a member of the bar may try a particular case as judge pro tempore."

The language in the opinion, "the question presented here is whether the statute authorizes litigants to disqualify more than one judge," is to be viewed and appraised in the light of the fact that any second affidavit filed would be a challenge to a judge other than the resident judge. The

denial of force and effect to any such affidavit arises, under the rationale of the decision, not so much from the fact that it is the "second" affidavit, as because necessarily it is directed against another than the "presiding" or "resident" district judge.

The later case of State ex rel. Armijo v. Lujan, 45 N.M. 103, 111 P.2d 541, which follows State ex rel. Tittman v. McGhee, supra, in confining application of the statute to the "resident" judge, also is relied upon by the relator. The only distinction between the two cases lies in the fact that in the McGhee case, the second judge whose disqualification was sought had been named by the Chief Justice after failure of opposing counsel to agree on another judge, whereas in the Lujan case, later, the judge against whom the first affidavit was filed had been called in from another district by the resident judge upon voluntarily recusing himself.

The Lujan case but emphasizes what we already have said, namely, that the court in employing the term "presiding" judge uses it synonymously with the term "resident" judge: Note our appraisal of the McGhee case as holding that "the disqualifying act above referred to could not be exhausted upon any and all of the district judges but was to be limited in its operation to the *resident* or *presiding* judge. * * *. We there (in the McGhee case) definitely and expressly limited the applica-tion of the statute to the *resident,* or *presiding* judge of the district." (Emphasis ours.)

Seeking a reason in the Lujan case for the legislative intent read from the statute in the McGhee case confining its operation to the resident judge, we said [45 N.M. 103, 111 P.2d 543]: "A resident judge it is suggested, is much more likely, although the occasions may be rare, to fall under the spell of partiality because of acquaintanceship or close association with persons and incidents and thus be disqualified to hear cases arising in his own district, when the same situation would not likely present itself in the case of an outside judge designated to go into another community than his own. Some such consideration might have moved the legislature in this instance."

Moreover, both in the McGhee case and in the Lujan case as well, the court was aided in coming to the conclusion reached by the circumstance that, if relator's contention should be sustained, by employing affidavits made to order, a party could disqualify, successively, every district judge in the state.

Now, neither of the considerations mentioned argues in favor of a holding that the parties are limited to a single affidavit in districts where there are two resident judges. Indeed, if as suggested in State ex rel. Armijo v. Lujan, supra, the legislature may have been influenced in authoriz-

ing employment of the affidavit against the resident judge only because of his greater susceptibility to local influences and prejudices than the judge from some other district, then this consideration would argue for the right to employ the statute against the second resident judge as well as the first one.

▮ Neither does the fact that all resident judges could be disqualified, successively, by an abuse of the statute invite the special hardship and inconvenience visualized in the McGhee case from a disqualification of every district judge in the state. There is but one district in the state having more than one resident judge and that is the second district which has but two. In the normal development of the commercial and industrial life of the state, it will be many years before the number of resident judges in a given district could make the operation of the statute a hardship or inconvenience through an abuse of its privilege. When, if ever, it reaches that stage, we apprehend the legislature would not be slow to remedy the situation by an appropriate amendment of the statute. We do not feel disposed to supply the amendment in anticipation of the abuse.

It follows as our conclusion from what has been said that the respondent as one of the two resident judges of the second judicial district was not deprived of jurisdiction to try the cause out of which this prohibition proceeding arose by the statu-

tory disqualification of his associate resident judge. We further conclude, however, that as a resident judge respondent is as subject to disqualification under the statute after, as well as before, it has been invoked against his associate.

The alternative writ outstanding against respondent having been improvidently issued will be discharged.

It is so ordered.

BRICE, LUJAN, and HUDSPETH, JJ., concur.

BICKLEY, Justice (concurring specially).

I concur in the foregoing opinion except I do not subscribe to a concluding statement that "we further conclude, however, that as a resident judge respondent is as subject to disqualification under the statute after, as well as before, it has been invoked against his associate."

First, I think this declaration is obiter merely and should not be indulged, and secondly, I think it is unsound. As construed in the main opinion we will have resident *judges* subject to disqualification in the second judicial district, whereas under our previous decisions the disqualification statute may be only *once* invoked. The above quoted interpretation of the statute will create such an inequality in its operation over the state as will perhaps subject it to constitutional objections.