235 P.2d 531

**NOTARGIACOMO v. HICKMAN et al.**

No. 5380.

Supreme Court of New Mexico.

Sept. 8, 1951.

John B. Wright, Raton, for appellants.

Robert A. Morrow, Raton, for appellee.

SADLER, Justice.

The single question presented by this appeal is whether the trial judge erred in refusing to honor a statutory affidavit of disqualification filed against him but tried the case and rendered judgment, instead. The judgment went in plaintiff's favor in the sum of $1025.39 for flowers and decorations furnished for a wedding. The recovery rendered was against defendants whose answer pleaded an oral agreement to furnish the decorations in question for the sum of $100. The plaintiff-appellee contends the affidavit of disqualification was not timely filed and further that, even if held to have been so filed, the defendants waived the statute by participating in the trial, notwithstanding they reserved their objection to the court's refusal to honor the affidavit. Plaintiff contends they should have applied to this court for prohibition.

A chronological recital of proceedings below is necessary in order to understand the points argued. The case originates in Colfax County within the Eighth Judicial District. On August 7, 1948, an order was entered on the court records by District Judge Livingston N. Taylor, the resident judge, designating Judge Luis E. Armijo of the Fourth Judicial District and Judge David W. Carmody of the First Judicial District to transact "all judicial matters arising within the Eighth Judicial District," until further ordered. The complaint herein was filed on August 21, 1948. It named Mr. and Mrs. J. Dudley Hickman as co-defendants. They filed a joint answer, placing the case at issue, on Septem-

ber 14, 1948. A regular term of the district court for Colfax County convened on October 4, 1948.

On December 1, 1948, the plaintiff duly noticed the case for trial on December 6, following, before Judge Luis E. Armijo at Raton. Promptly after service of this notice, Mrs. Hickman, one of the defendants and the wife of the other, filed a statutory affidavit of disqualification against Judge Armijo pursuant to 1941 Comp. § 19–508. Four days later, December 7, 1948, after a hearing in open court at which he presided, Judge Armijo directed entry of an order holding the affidavit of disqualification "null, void and ineffectual" to disqualify him. Subsequently, he sat at a trial on the merits, following which on September 22, 1950, judgment was entered against defendants in the amount already stated. This appeal followed.

It is earnestly argued by counsel for defendants that, the resident judge having designated two judges from other districts to preside in all judicial matters arising in the Eighth Judicial District, defendants were unable to say with any certainty or confidence which of them would preside at the trial of this case, at least, not until the case was noticed for trial before the one or the other of them. Hence, neither defendant could file an affidavit of disqualification containing the statutory recital

"that the judge before whom the action or proceeding is to be tried and heard, * * * can not, according to the belief" of affiant, "preside over the same with impartiality," etc. The statute reads:

"19–508. Whenever a party to any action or proceeding, civil or criminal, except actions or proceedings for constructive and direct contempt, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried and heard, whether he be the resident judge or a judge designated by such resident judge, except by consent of the parties or their counsel, can not, according to the belief of the party to said cause making such affidavit, preside over the same with impartiality, such judge shall proceed no further therein, but another judge shall be designated for the trial of such cause either by agreement of counsel representing the respective parties, or upon the failure of such counsel to agree, then such facts shall be certified to the chief justice of the Supreme Court of New Mexico, and said chief justice of the Supreme Court of the state of New Mexico shall thereupon designate the judge of some other district to try such cause." Laws 1933, c. 184, § 1, p. 502; 1941, c. 67, § 1, p. 93; 1947, c. 81, § 1.

"19–509. Such affidavit shall be filed not less than ten (10) days before the beginning of the term of court, if said case is at issue." Laws 1933, c. 184, § 2. p. 502.

It is to be observed that the second section of the controlling statute provides that the affidavit must be filed not less than ten days before the beginning of the term of court, if the case is at issue. An affidavit filed later than that, if the case is at issue, comes too late. Heron v. Gaylor, 53 N.M. 44, 201 P.2d 366. The defendants seek to escape an application of this condition on time of filing by showing their obvious inability to know before which judge, of the two holding designations, the case was to come on for trial. They seem to draw some comfort by citing our decision in State ex rel. Prince v. Coors, 51 N.M. 42, 177 P.2d 536, in which we held separate affidavits of disqualification could be filed against the several resident judges where there are more than one in a single district. We fail to see any analogy between State ex rel. Prince v. Coors and this case. True enough, section one of the act confers the right to disqualify the judge before whom the proceeding is to be tried, "whether he be the resident judge or a judge designated by such resident judge," but this would not give the right to disqualify more than one of two non-resident judges, designated to serve in another district at the same time. In other words, the designation of two judges by a resident judge to sit generally in another district at the same time, does not put them in the same category, as respects number of disqualifications permissible, as that occupied by resident judges in the same district having more than one resident judge.

We are constrained to hold that failure to file the affidavit ten days before the beginning of the term of court which followed filing of the answer putting the case at issue is fatal to the attempted disqualification. Heron v. Gaylor, supra. The statute itself does not in terms cover the situation presented by the record before us. Consequently, we should be called upon to extend or broaden its effect by interpretation to bring the present case within it. This we are not disposed to do in view of the recurrent abuses to which the statute is constantly being put to forestall trial and otherwise occasion delay. In making this observation, we do not wish to imply in any way that the affidavit was not here filed in the best of faith. Nevertheless, it is a fact recognized by bench and bar alike that patent abuses of the statute have grown up since its passage, as reflected by numerous efforts to amend and modify its terms at succeeding sessions of the legislature. We prefer that any broadening of application beyond the statute's plain terms be by legislative enactment rather than by judicial interpretation.

Nor will parties be left remediless, if seeking to invoke the statute, even under the facts here present. True enough, parties may not know before which of two

or more judges eligible to try a case, it will come on for trial. In such circumstances, the party seeking disqualification of one honestly believed by him to be biased could make a provisional affidavit, reciting the facts and adding "that if the judge before whom the case is to be tried or heard should be Judge ——, then according to affiant's belief such judge cannot preside over the same with impartiality," etc. Under the facts of this case there were really three judges eligible to try this case, viz., resident Judge Taylor, and Judges Armijo and Carmody. The filing of statutory affidavit, in the form indicated might, if the party could honestly so swear, reach by disqualification both the resident judge and one, but not two, of the non-resident judges designated by him.

We conclude that the affidavit was unseasonably filed and, hence, was ineffective to disqualify Judge Armijo. This conclusion renders it unnecessary to decide the further question whether, if the affidavit had been held effective to disqualify Judge Armijo, defendants' failure to apply here for prohibition and their participation at the trial, after reserving their objection to the judge's refusal to honor the affidavit, waived the judge's disqualification. We may add, although not deciding the point, that we do not think so. State v. Towndrow, 25 N.M. 203, 180 P. 282. Cf. State v. Martin, 53 N.M. 413, 209 P.2d 525.

Finding no error, the judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and COORS, JJ., concur.