363 P.2d 1031

ROCKY MOUNTAIN LIFE INSURANCE
COMPANY, a Corporation, Petitioner,

v.

Robert W. REIDY, District Judge of the
Second Judicial District, County of Bernalillo, State of New Mexico, Respondent.

No. 7000.

Supreme Court of New Mexico.

July 28, 1961.

Bigbee & Stephenson, Santa Fe, for petitioner.

Patricio S. Sanchez, Santa Fe, Leland S. Sedberry, Albuquerque, Annette R. Shermack, Santa Fe, for respondent.

MOISE, Justice.

Upon application of the petitioner, this court issued its alternative writ of prohibition commanding the respondent to cease, desist and refrain from proceeding further in the cause entitled, R. F. Apodaca, Superintendent of Insurance of New Mexico, Plaintiff, v. Rocky Mountain Life Insurance Company, Defendant, the same being cause No. 88618 on the docket of the Second Judicial District Court in and for Bernalillo County, and respondent was ordered to show cause in this court on a date certain why such order should not be made absolute.

Cause No. 88618 on the docket of the District Court of Bernalillo County is a proceeding commenced by the State Superintendent of Insurance seeking an order of rehabilitation, reorganization and conservation of Rocky Mountain Life Insurance Company, hereinafter referred to as petitioner, under the provisions of §§ 58–6–1 to 58–6–30, inc., N.M.S.A.1953. Respondent is a duly elected, qualified and acting Judge of the Second Judicial District Court.

The only facts necessary for a decision in this proceeding briefly follow. The Second Judicial District has five judges, all having

the same power, jurisdiction and authority to try cases in the district. (State ex rel. Prince v. Coors, 51 N.M. 42, 177 P.2d 536, decided when the district had two judges, but equally true today when the number of judges in the district has been increased by four. Chapter 121, N.M.S.L.1961). Shortly after the filing of cause No. 88618, petitioner filed an affidavit under the provisions of § 21-5-8, N.M.S.A.1953, disqualifying Judges McManus, Swope and Tackett, being three of the judges of the district. This was on July 3, 1961. Three days later, on July 6, 1961, a second affidavit of disqualification under § 21-5-8, N.M.S.A.1953, was filed on behalf of petitioner seeking to disqualify Judge Macpherson and the respondent, they being the remaining two qualified judges of the district. Respondent refused to recognize the efficacy of this second affidavit and thereafter set a hearing on an order to show cause issued by him in cause No. 88618. Petitioner thereupon sought relief in this court, and we issued our writ as already noted.

Although respondent attacks the action of this court on a number of grounds, we believe it is only necessary for us to consider one point made in his response.

█ This point calls upon us to determine whether or not under the provisions of § 21-5-8, N.M.S.A.1953, petitioner had the right to disqualify three resident judges by affidavit duly filed, and thereafter to dis- qualify the remaining two resident judges, or if it had the right to file only one affidavit of disqualification, and in so doing waived any right to disqualify the remaining two judges.

§ 21-5-8, N.M.S.A.1953, reads as follows:

"Whenever a party to any action or proceeding, civil or criminal, except actions or proceedings for constructive and direct contempt, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried and heard, whether he be the resident judge or a judge designated by such resident judge, except by consent of the parties or their counsel, cannot, according to the belief of the party to said cause making such affidavit, preside over the same with impartiality, such judge shall proceed no further therein, but another judge shall be designated for the trial of such cause either by agreement of counsel representing the respective parties, or upon the failure of such counsel to agree, then such facts shall be certified to the chief justice of the Supreme Court of New Mexico, and said chief justice of the Supreme Court of the state of New Mexico shall thereupon designate the judge of some other district to try such cause."

§ 21-5-9, N.M.S.A.1953, reads:

"Such affidavit shall be filed not less than ten (10) days before the begin-

ning of the term of court, if said case is at issue."

These two sections constitute Chap. 184, N.M.S.L.1933, as subsequently amended in 1941 and 1947.

This court has been called upon frequently to interpret and apply the statute. Reference to a few of these decisions is in order. In 1933, soon after adoption of the legislation, the act was held to be constitutional in State ex rel. Hannah v. Armijo, 38 N.M. 73, 28 P.2d 511. In State ex rel. Tittman v. McGhee, 41 N.M. 103, 64 P.2d 825, 826, decided in 1937 some four years later, it was held that the statute permitted the disqualification of only the presiding judge of the district, and that a second affidavit disqualifying the judge designated to preside by the chief justice would not be allowed. In the opinion in that case we find the following language:

"The affidavit is authorized to be filed to disqualify 'the judge before whom the action or proceeding is to be tried or heard,' who originally in every case is the Presiding Judge of the district, if there is such judge. Provision is then made for the parties to agree upon a judge to try the case; or, upon their failure to agree, the facts shall be certified to the Chief Justice who shall designate a judge 'of some other district' to try such case. The indication from this language is that one affidavit could be filed, and that only for the purpose of disqualifying the judge 'before whom the action or proceeding' would have been tried or heard, except for the filing of such affidavit. That the affidavit was intended to apply only to the judge of the district in which the case is pending, is indicated from the language authorizing the Chief Justice to 'designate the judge of some other district to try such cause.' This has been the interpretation given this language by Ex Chief Justices Watson and Sadler.

"That such was to be the effect of this statute likewise appears from section 2, which requires the affidavit of disqualification to be filed not less than ten days before the beginning of the term of court, if the case is at issue, which indicates *but one affidavit was intended.*" (Emphasis added).

The court went further and in support of its conclusion that only one affidavit could be filed and one judge disqualified, compared the procedure to that permitting only one change of venue as a matter of right. It should be pointed out that at the time of this decision the state had only nine judicial districts, with one judge in each district.

We next note the case of State ex rel. Armijo v. Lujan, 45 N.M. 103, 111 P.2d 541, decided in 1941. The rule as announced in State ex rel. Tittman v. McGhee, supra, was

there held to be applicable to a judge of another district where the resident district judge recused himself and by order designated another judge to preside. The legislature, in 1947, by Chap. 81; § 1, N.M.S.L. 1947, changed the rule therein announced by adding the words "whether he be the resident judge or a judge designated by such resident judge, except by consent of the parties or their counsel" into § 21-5-8, N.M.S.A.1953, quoted above. However, it did not appear that where the resident district judge had designated more than one outside judge to preside in his stead, this change in the statute either permitted or contemplated multiple or successive affidavits of disqualification.

When this question was first presented to this court in the case of Notargiacomo v. Hickman, 55 N.M. 465, 235 P.2d 531, 533, the conclusion was otherwise. In that case Judge Taylor, the resident district judge of the Eighth Judicial District had designated Judge Armijo of the Fourth Judicial District, and Judge Carmody of the First Judicial District to transact "all judicial matters arising within the Eighth Judicial District" until further ordered. The cause was thereafter filed, and when at issue, was set for trial by Judge Armijo, against whom an affidavit of disqualification was promptly filed. Judge Armijo held the affidavit "null, void and ineffectual" and proceeded to try and determine the case. On appeal, the question of the correctness of the court's ruling on the disqualification affidavit was considered. While holding that the affidavit was filed too late to be effective under the provisions of § 21-5-9, N.M.S.A.1953, quoted above, the court went on and discussed the situation present when there was more than one judge available by designation of the resident judge to try the case. In so doing the following language was used:

"True enough, section one of the act confers the right to disqualify the judge before whom the proceeding is to be tried, 'whether he be the resident judge or a judge designated by such resident judge,' but this would not give the right to disqualify more than one of two non-resident judges, designated to serve in another district at the same time. In other words, the designation of two judges by a resident judge to sit generally in another district at the same time, does not put them in the same category, as respects number of disqualifications permissible, as that occupied by resident judges in the same district having more than one resident judge.

"* * * The statute itself does not in terms cover the situation presented by the record before us. Consequently, we should be called upon to extend or broaden its effect by interpretation to bring the present case within it. This we are not disposed to do in view of the recurrent abuses to which the stat-

ute is constantly being put to forestall trial and otherwise occasion delay. In making this observation, we do not wish to imply in any way that the affidavit was not here filed in the best of faith. Nevertheless, it is a fact recognized by bench and bar alike that patent abuses of the statute have grown up since its passage, as reflected by numerous efforts to amend and modify its terms at succeeding sessions of the legislature. We prefer that any broadening of application beyond the statute's plain terms be by legislative enactment rather than by judicial interpretation."

We now take note of State ex rel. Prince v. Coors, supra, decided in 1951 after the decision in State ex rel. Armijo v. Lujan, supra, and before Notargiacomo v. Hickman, supra. We have made particular reference to the dates of each of the decisions, because we are convinced that in the passage of time and the changes in circumstances present lies the explanation for what may appear to be inconsistencies between them.

State ex rel. Prince v. Coors, supra [51 N.M. 42, 177 P.2d 540], is relied on exclusively by petitioner to support its position that under the statute it could file successive affidavits until all the resident judges had been disqualified. In that case the court said, "We further conclude, however, that as a resident judge respondent is as subject to disqualification under the statute after, as well as before, it has been invoked against his associate."

Justice Bickley, in a specially concurring opinion, objected to the language quoted stating: "First, I think this declaration is obiter merely and should not be indulged, and secondly, I think it is unsound."

The case arose in the Second Judicial District where by this time there were two district judges. Upon one judge being disqualified by affidavit, the question arose as to whether the second judge retained jurisdiction to act, or if the provisions as to agreement of counsel on a judge to preside or appointment by the Chief Justice became applicable. This court held that if not disqualified, the second judge was qualified to act and, in the language quoted above, went further and stated that he, too, was subject to disqualification in a second affidavit. The court attempted to distinguish what had been said in State ex rel. Tittman v. McGhee, supra, by suggesting that since at that time no district had more than one judge, the references to one affidavit and one judge were pertinent only in such situation.

■ There can be no question that the language quoted insofar as it purports to say the second judge can be disqualified "after, as well as before" his associate was dictum unnecessary to the decision of the issues before the court in that case and, accordingly, not binding as a rule of law. What about its soundness? From what was

said by the court four years later in Notargiacomo v. Hickman, supra, we are of the opinion that the court, without saying it in so many words, concluded it may have been unsound. It is interesting to note that Justice Sadler wrote both opinions. In the later case, he stated that there was no analogy between the two cases and then proceeded to point out in the language quoted above that the situation was not one covered by the statute, that abuses had grown up in its application, and its operation would not be extended by the court beyond the situations expressly covered by its terms.

The court then proceeded (again in dictum) to limit the right to disqualify more than one non-resident judge who had been designated by the resident judge to timely filing of what is described as a "provisional" affidavit. It seems clear to us that this conclusion must have been dictated in large measure by the lessons of four more years of experience under the act after the decision in State ex rel. Prince v. Coors, supra, and after the creation of multiple judge courts. That the fact the Second Judicial District was the only district with more than one judge, and the erroneous assumption that this condition was not likely to change contributed in large measure to the conclusions expressed in State ex rel. Prince v. Coors, supra, is evident from a most casual reading of that case.

An examination by us of the language of the statute fails to disclose any basis for different rulings where the affidavit is filed to disqualify a second resident judge of a two-judge district or filed to disqualify a second designated judge. We submit that there is none. Neither are we able to follow the reasoning in State ex rel. Prince v. Coors, supra, wherein it is attempted to distinguish the case because of its facts from the expressed conclusions in State ex rel. Tittman v. McGhee, supra. At least, insofar as an analogy is drawn in this latter case between the right to disqualify judges and the right to change of venue, we do not see that the situation was altered by the fact that more than one resident judge had become available.

While ever since State ex rel. Prince v. Coors, supra, there has been acceptance of the pronouncement therein that one or all of the resident judges may be disqualified in multiple judge districts, it does not follow that the same party may take separate "bites at the apple" and accomplish such a result by successive affidavits. On the contrary, we are convinced that no such consequence was ever contemplated by the legislature, and a holding to this effect would make certain the delays and abuses so direly prophesied from the very beginning in State ex rel. Hannah v. Armijo, supra, and alluded to in State ex rel. Armijo v. Lujan, supra, and State ex rel. Prince v. Coors, supra, and finally recognized in Notargiacomo v. Hickman, supra.

The recognition has evolved because, from a state with nine judicial districts with nine judges in 1933 when Sec. 21–5–8, N.M.S.A.1953, was adopted, it had grown to ten districts with thirteen judges by 1951, and has now increased to eleven districts with twenty-one judges, six of whom are resident judges of the second judicial district.

We do not know to what extent parties may have attempted delay in litigation by filing an affidavit of prejudice against the judge before whom a matter had been set for hearing, and upon being advised of a new setting before another judge, filed another affidavit and repeated the process as to each judge until all five judges had been disqualified, one after the other. However we are convinced that such a result is reasonably possible under any conclusion different from that here reached by us. We certainly would not attribute an intention that such a result be required unless the plain language of the statute demanded it, and this it does not do. The statute in no way compels an interpretation that these judges may be disqualified by successive affidavits, and as was stated in Notargiacomo v. Hickman, supra, "we prefer that any broadening of application beyond the statute's plain terms be by legislative enactment rather than by judicial interpretation."

We are not concerned with evolving some remedy for petitioner as seems evident the court attempted in both State ex rel. Prince v. Coors, supra, and Notargiacomo v. Hickman, supra. If a litigant desires to disqualify a judge because of his belief that the resident judge or judges may be prejudiced or biased, he is amply protected by his right to join one or all in a single affidavit. If it should subsequently develop that any judge against whom no affidavit was filed is actually disqualified by way of relationship to either of the parties, or by service as counsel, or by presiding as judge in an inferior court, or by way of any interest in the cause, adequate protection is present in Art. VI, Sec. 18, N.M. Const.

Being convinced that the quoted dictum from State ex rel. Prince v. Coors, supra, insofar as it indicated a right in the same party to file successive affidavits of prejudice was erroneous, we expressly disavow it, and hold that under Sec. 21–5–8, N.M. S.A.1953, petitioner was entitled to file only one affidavit of disqualification, and accordingly the second affidavit wherein it undertook to disqualify respondent was ineffectual to accomplish the intended result.

It follows that the entry of the alternative writ was improvident, and it should be discharged.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and NOBLE, JJ., being out of the state, did not participate.