457 P.2d 376

**Richard W. BEALL, Petitioner,**

v.

**Robert W. REIDY, District Judge, Second Judicial District, State of New Mexico, Respondent.**
**No. 8861.**

Supreme Court of New Mexico.
July 28, 1969.

445

Clyde E. Sullivan, Jr., Albuquerque, for petitioner.

Alexander F. Sceresse, Dist. Atty., William Riordan, Asst. Dist. Atty., Albuquerque, for respondent.

## OPINION

WOOD, Judge, Court of Appeals.

This case involves petitioner's attempt to disqualify the six judges of the Second Judicial District.

Petitioner is the defendant in a criminal case pending in Bernalillo County. He was scheduled to be arraigned before Judge McManus. When the case was called, petitioner filed an affidavit of disqualification. The affidavit stated petitioner's belief that none of the six judges could preside over his case with impartiality. Judge McManus held the affidavit was effective to disqualify him and assigned the criminal case to Judge Reidy. Judge

Reidy held the affidavit was not effective to disqualify him, arraigned petitioner and set the criminal case for trial.

Our alternative writ of prohibition was issued directing Judge Reidy to refrain from further proceedings in the criminal case until further order of this court. The issue in this prohibition proceeding is whether Judge Reidy was disqualified from proceeding in the criminal case. We hold he was not disqualified. In reaching this result we discuss: (1) Second District Rule 36(a) (Rule 36(a) of the District Court of the Second Judicial District), (2) Constitutional provisions for disqualification of judges, and (3) Section 21-5-8, N.M.S.A. 1953 (Supp. 1967).

*Second District Rule 36(a)*

This rule reads:

"Each party to a civil or criminal lawsuit shall be allowed to disqualify only one Judge in this District."

Petitioner contends this rule is void because in violation of (a) N.M.Const., Art. VI, § 18, (b) the distribution of powers provided for by N.M.Const., Art. III, § 1, and (c) Section 21-5-8, N.M.S.A. 1953 (Supp. 1967).

We do not reach these contentions because Second District Rule 36(a) cannot deprive petitioner of any constitutional or statutory right to disqualify judges.

■ The right to disqualify judges is a substantive right. State ex rel. Blood v. Gibson Circuit Court, 239 Ind. 394, 157 N.E.2d 475 (1959); see State ex rel. Hannah v. Armijo, 38 N.M. 73, 28 P.2d 511 (1933). Disqualification of judges is either a constitutional matter, see N.M.Const., Art. VI, § 18, or a legislative matter, see State ex rel. Miera v. Chavez, 70 N.M. 289, 373 P.2d 533 (1962).

■ Section 21-1-1(83), N.M.S.A. 1953 authorizes district courts to establish rules, but this authorization is limited to rules of practice. Second District Rule 36(a), as worded, does not purport to state how a right to disqualify may be exercised. Rather, it purports to state the extent of

the right to disqualify. Section 21-1-1(83), supra, confers no authority upon the district court to limit the extent of this substantive right by rule. Second District Rule 36(a) cannot be effective to deprive petitioner of any right, that he may have, to disqualify judges.

Petitioner asserts that Judge Reidy relied on Second District Rule 36(a) in holding petitioner's affidavit was ineffective to disqualify him. We agree. However, we must consider whether Judge Reidy's decision was correct even though his reliance on Second District Rule 36(a) was improper. Tsosie v. Foundation Reserve Insurance Co., 77 N.M. 671, 427 P.2d 29 (1967); Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (Ct.App. 1968).

*Constitutional provisions.*

■■ Except by consent of all parties, a judge is disqualified to sit in the trial of a case if he comes within any of the grounds for disqualification named in N.M.Const., Art. VI, § 18. Additionally, a prejudiced or biased judge who tries a case would deprive the party adversely affected of due process of law. See Nelson v. Cox, 66 N.M. 397, 349 P.2d 118 (1960); State v. Nelson, 65 N.M. 403, 338 P.2d 301 (1959); State ex rel. Hannah v. Armijo, supra; compare State ex rel. Anaya v. Scarborough, 75 N.M. 702, 410 P.2d 732 (1966).

Petitioner, however, makes no claim that Judge Reidy is disqualified under any constitutional provision. No constitutional disqualification being involved, the remainings basis for disqualification, asserted by petitioner, is § 21-5-8, supra.

*Section 21-5-8, supra.*

The pertinent part of the statute reads:

"Whenever a party * * * shall make and file an affidavit that the judge before whom the action or proceeding is to be tried and heard, whether he be the resident judge or a judge designated by the resident judge, * * * cannot, according to the belief of the party making the affidavit, preside over the action or proceeding with impartiality, that judge shall proceed no further. Another judge

shall be designated for the trial of the cause, * * *."

Petitioner contends this statute authorizes him to disqualify more than one resident judge of a multi-judge district. We disagree.

Section 21–5–8, supra, refers to "judge," not "judges." It refers specifically to the judge before whom the cause is to be "tried and heard." When that judge has been disqualified, another judge is to be designated for the trial. This statutory provision—for disqualifying the judge before whom the case is to be tried—has not been changed since its enactment by Laws 1933, ch. 184, § 1. The statute was amended, as to other matters, in 1941, 1947 and 1965. See Laws 1941, ch. 67, § 1; Laws 1947, ch. 81, § 1 and Laws 1965, ch. 165, § 2.

At the time of original enactment of § 21–5–8, supra, there were no multi-judge districts. There were multi-judge districts at the time of the 1947 and 1965 amendments. Yet, no change was made authorizing any disqualification other than the one disqualification provided for a party in the original enactment.

■ We hold that § 21–5–8, supra, authorizes the disqualification of only one judge by a party and that judge is the one before whom the case is to be tried. See State ex rel. Armijo v. Lujan, 45 N.M. 103, 111 P.2d 541 (1941); State ex rel. Tittman v. McGhee, 41 N.M. 103, 64 P.2d 825 (1937). In contending to the contrary, petitioner relies on two decisions—Rocky Mountain Life Insurance Co. v. Reidy, 69 N.M. 36, 363 P.2d 1031 (1961) and State ex rel. Prince v. Coors, 51 N.M. 42, 177 P.2d 536 (1946).

*Coors* held that where one of two judges of the district had been disqualified, the second judge had jurisdiction to try the cause. *Coors,* in dictum, stated the second judge was subject to disqualification by the same party under § 21–5–8, supra, and further, that the disqualification of the second judge could be accomplished by a second affidavit.

In *Reidy,* an affidavit "disqualified" three of five resident judges. A second affidavit by the same party attempted to disqualify the remaining judges. *Reidy* expressly disavowed the statements in *Coors* indicating more than one affidavit could be filed by the same party and held that only one affidavit was authorized by § 21–5–8, supra. *Reidy* noted that since *Coors* " * * * there has been acceptance of the pronouncement [in *Coors*] * * * that one or all of the resident judges may be disqualified in multiple judge districts, * * *." *Reidy,* however, neither approved nor disapproved this practice; the right of petitioner to do so was not an issue in *Reidy*.

The only support for the claimed right, under § 21–5–8, supra, for a party to disqualify more than one judge, is the statement in *Coors*. Notargiacomo v. Hickman, 55 N.M. 465, 235 P.2d 531 (1951) may suggest the same view, however, to the extent it may do so, it relies on *Coors*. This dictum, however, did not consider that the disqualification under consideration was one authorized by the Legislature, that the Legislature had provided only for the disqualification of the judge before whom the case was to be tried and that the Legislature had failed to enlarge this statutory right of disqualification after some districts had more than one judge. Accordingly, the dictum in *Coors,* to the effect that § 21–5–8, supra, authorizes a party to disqualify more than one judge, is erroneous and is disavowed.

■ Petitioner acknowledged, at oral argument, that the criminal case in which he is the defendant was to be tried before Judge McManus when he filed his affidavit of disqualification. There is no question as to the timeliness of the affidavit. Accordingly, his affidavit was effective to disqualify Judge McManus. Since § 21–5–8, supra, provides only for the disqualification of one judge by a party, and that is the judge before whom the case is to be tried, the affidavit was not effective to disqualify Judge Reidy.

448

We recognize that, in multi-judge districts, motions and preliminary matters may be heard by a judge other than the judge before whom the case is to be tried. In such situations, a party needs to know the name of the judge before whom the case is to be tried and needs that information early in the litigation. This knowledge is needed so that a party has opportunity to exercise his right under § 21–5–8, supra, (a) before the judge before whom the case is to be tried has exercised his judicial discretion, and (b) within the time provided by § 21–5–9, N.M.S.A. 1953. Accordingly, it is incumbent upon the judges in multi-judge districts to provide, by rule, a method by which the party may know the name of the judge before whom the case is to be tried and may know that name before the right to disqualify under § 21–5–8, supra, has been lost.

Since Judge Reidy correctly held that petitioner's affidavit was not effective to disqualify him, the alternative writ of prohibition is dismissed.

It is so ordered.

MOISE, COMPTON and WATSON, JJ., and OMAN, J., Ct. of App., concur.